DEFINITIONS OF "RESOLUTION", "BY-LAW" AND "ORDINANCE" — VETO BY MAYOR A resolution is generally less solemn and formal than an ordinance and is ordinarily an act of a special or temporary character which is merely declaratory of the will or opinion of the municipal corporation in a given matter. It is in the nature of a ministerial or administrative act and is not law. An ordinance is a continuing regulation and is a permanent rule of conduct of government for the municipality. In the context of the Oklahoma law the term by-law can be equated with the term ordinance as defined above. Generally, a factual determination of the characteristics of the municipal legislation contemplated is required in order to determine if it would be within the definition of an ordinance and thus require enactment in accordance with the Oklahoma Statutes governing ordinances. The veto power of the mayor set out in 11 O.S. 624 [11-624] (1971), is applicable only where the municipal legislative act in question has the force and effect of an ordinance. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. What are the definitions of the words resolution, by-law and ordinance according to Oklahoma law as they relate to municipal governments, and what is the force and effect of each ? 2. When and for what purposes, must municipal legislation be in the form of an "ordinance"? 3. Does the veto power of a mayor pursuant to 11 O.S. 624 [11-624] (1971) apply only to the veto of "ordinances" per se, or does it extend to other municipal legislative actions? In answer to your first question, the Oklahoma Supreme Court in the case of Dunlap v. Williamson, Okl., 369 P.2d 631 (1962), distinguished between the terms "resolution" and "ordinance". Quoting from 62 C.J.S. Municipal Corporations, 411, the Court stated as follows: "Resolution. While the terms 'resolution' and 'ordinance' have been used interchangeably, and the term 'resolution' has been held to be the equivalent of the term 'ordinance' a resolution generally is less solemn and formal than an ordinance. A resolution has also been distinguished from an ordinance in that an ordinance is a continuing regulation, a permanent rule of conduct of government, while a resolution ordinarily is an act of a special or temporary character, not prescribing a permanent rule of government, but is merely declaratory of the will or opinion of a municipal corporation in a given matter, and in the nature of a ministerial or administrative act, and is not a law . . . ." In paragraph 2 of its syllabus, the Court stated as follows: "As a general rule, a resolution, as distinguished from a n ordinance, does not prescribe a continuing regulation of conduct or business." The term "by-law", as it is used in relation to municipal legislation, is found in the Oklahoma Statutes at 11 O.S. 672 [11-672] and 11 O.S. 1004 [11-1004](17) (1971). The term "by-law", as it relates to municipal legislation, is not defined in the Oklahoma Statutes. In the case of Town of Sapulpa v. Sapulpa Oil Gas Company, 22 Okl. 347, 97 P. 1007 (1908), the Oklahoma Supreme Court (obiter dictum) equated the terms by-law and ordinance for purposes of municipal legislation. This view is in accordance with the definition found in 62 C.J.S. Municipal Corporations, 411, pages 784 and 785, which states as follows: "The term 'by-law', as used in the law of municipal corporations, has been held to have substantially the same meaning as the term 'ordinance' and to be convertible therewith inasmuch as they both refer to the local law of a municipality, in distinction from the general law of the country or the statute law of the particular state. . . ." See also McQuillin, Municipal Corporations, 15.08 and 15.10. With these definitions in mind and viewing the term by-law as used in the context of 11 O.S. 672 [11-672] and 11 O.S. 1004 [11-1004], it is plain that for the purposes of these statutes the term by-law is intended to have the same meaning as does the term ordinance. The answer to your second question would require an examination of the facts and circumstances surrounding each municipal legislative act, in order to determine if such an act is required to be in ordinance form. Any action required by the statutes of this State to be done by ordinance will only be valid when the municipality enacts the legislation in accordance with the provisions of such statutes. The definition of the term ordinance must be considered in determining whether any piece of municipal legislation is to be in ordinance form. Your third question inquires as to the nature of the veto power of the mayor, as set out in 11 O.S. 624 [11-624] (1971), which provides as follows: "He shall have power to sign or veto any city ordinance passed by the city council: provided, that any ordinance vetoed by the mayor, may be passed over his veto by a vote of two-thirds of all the members of the council notwithstanding the veto, and should the mayor neglect or refuse to sign any ordinance or return the same with his objections in writing at the next regular meeting of the council, the same shall become a law without his signature." (Emphasis added) A plain reading of this statute reveals that the veto power granted the mayor applies only to municipal legislative acts that are in the nature of an ordinance. This is further evidenced by the fact that the Legislature used the phrase "shall become a law" in the concluding portion of this statute. This evidences their intent that the mayor have the veto power over all forms of municipal legislation that have the regulatory effect of an ordinance. The determinative factor in relation to the municipal legislative act is not the title given to the particular enactment by the municipality, but whether or not the ultimate effect of the enactment is that of an "ordinance". If so, then the veto power of the mayor would be applicable. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) A resolution is generally less solemn and formal than an ordinance and is ordinarily an act of a special or temporary character which is merely declaratory of the will or opinion of the municipal corporation in a given matter. It is in the nature of a ministerial or administrative act and is not law. An ordinance is a continuing regulation and is a permanent rule of conduct of government for the municipality. In the context of the Oklahoma law the term by-law can be equated with the term ordinance as defined above. (2) Generally, a factual determination of the characteristics of the municipal legislation contemplated is required in order to determine if it would be within the definition of an ordinance and thus require enactment in accordance with the Oklahoma Statutes governing ordinances. (3) The veto power of the mayor set out in 11 O.S. 624 [11-624] (1971), is applicable only where the municipal legislative act in question has the force and effect of an ordinance. (JAMES C. PECK) (ksg)